UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONNATHAN ADRIAN ALLAICO LLIGUICOTA,<br><br>                                   Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, *et al*.,<br><br>                                   Respondents. | Case No.:  26-cv-04131-JO-MMP<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

For the reasons stated at Dkt. 6, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. By 9:00 a.m. on July 29, 2026, Respondents shall provide Petitioner and Petitioner's counsel with the following release options: (i) release in this District by 5:00 p.m. on July 29, 2026; or (ii) release in Petitioner's home state of New York by July 31, 2026.  Petitioner shall elect one of the above options by 12:00 p.m. on July 29, 2026.  If Petitioner fails to elect an option by that deadline, Respondents shall release Petitioner in this District by 5:00 p.m. on July 29, 2026.

1

Respondents shall file an affidavit by 5:00 p.m. on August 3, 2026, attesting to Petitioner's election and confirming his release.

1. The Court ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing an individualized bond hearing before a neutral immigration judge where the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or such a flight risk that no amount of bond or alternative conditions of release "would suffice to ensure his future appearance." *Hernandez v. Sessions*, 872 F.3d 976, 983 (9th Cir. 2017); *see id.* at 990–91 n.18; *see also Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).  In setting the amount of bond, the immigration judge must consider Petitioner's financial circumstances and alternative conditions of release as set forth in *Hernandez*, 872 F.3d at 990–91.  The immigration judge shall not deny bond on the basis that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or (ii) Board of Immigration Appeals precedent deprives the immigration judge of jurisdiction to decide bond.  <u>If requested by Petitioner, Respondents shall produce a transcript or transcription of the recorded bond hearing</u>.

2. Respondents shall file a declaration attesting to full compliance with these obligations.  Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

2

3.   The August 13, 2026, hearing is VACATED.

4.   The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 28, 2026

Honorable Jinsook Ohta
United States District Judge

26-cv-04131-JO-MMP